USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/26/17

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
MARIO RAMIREZ, et al.,              :
                    Plaintiffs,     :   16 Civ. 726 (HBP)

    -against-                       :   OPINION
                                        AND ORDER
GREENSIDE CORPORATION, et al.,      :

                    Defendants.     :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

This matter is before me on the parties' joint application to approve the parties' settlement (Docket Item 52). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

This is an action brought by twelve individuals who were formerly employed by defendants as construction workers. Plaintiffs allege that they were not paid for all the hours that they worked, were not paid premium pay ("time-and-a-half") for overtime work, did not receive spread of hours pay, were subjected to retaliation and did not receive the prevailing wage on public projects. Plaintiffs assert claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and various provisions of the New York Labor Law. Although the action was commenced as a collective action with respect to the FLSA claim

and a putative class action with respect to the Labor Law claims, the parties reached the proposed settlement prior to the matter being conditionally certified as a collective action or certified as a class action. Thus, the only parties to the settlement are the named plaintiffs and the named defendants.

The parties have agreed to a total settlement of $200,000.00, to be distributed among the plaintiffs on a pro rata basis. The parties have also agreed that plaintiff's counsel will receive one-third of the settlement proceeds as a fee.

Upon my preliminary review of the proposed settlement, there are two significant problems. First, the proposed settlement contains a general release running only from plaintiffs to defendants. Numerous judges have found that such a provision is impermissible in an FLSA settlement agreement. See Leon-Martinez v. Central Café & Deli, 15 Civ. 7942 (HBP), 2016 WL 7839187 at *1 (S.D.N.Y. Dec. 19, 2016) (collecting cases). Second, the proposed settlement agreement contains a broad non-disparagement clause in favor of the defendants. A non-disparagement-clause in an FLSA settlement "must include a carve-out for truthful statements about [a plaintiff's] experience in litigating [his] case." Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015) (Kaplan, D.J.); accord Lopez v. Ploy Dee, Inc., 15 Civ. 647 (AJN), 2016 WL 1626631 at *3 (S.D.N.Y. Apr. 21, 2016)

2

(Nathan, D.J.); Weng v. T&W Rest., Inc., 15 Civ. 08167 (PAE)(BCM), 2016 WL 3566849 at *4 (S.D.N.Y. June 22, 2016) (Moses, M.J.).

Within thirty days of the date of this Order, the parties are to submit either a revised settlement agreement that eliminates the foregoing issues or a memorandum of law explaining why the proposed settlement agreement should be approved in its present form.

Dated:  New York, New York
        January 20, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

3