```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
MARIO RAMIREZ, et al.,              :
                    Plaintiffs,     :    16 Civ. 726 (HBP)
        -against-                   :    OPINION
                                         AND ORDER
GREENSIDE CORPORATION, et al.,      :
                    Defendants.     :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/3/17

PITMAN, United States Magistrate Judge:

This matter is before me on the parties' joint application to approve the parties' settlement (Docket Item 55). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

This is an action brought by twelve individuals who were formerly employed by defendant Greenside Corporation; the parties dispute whether defendant Kel-Tech Construction Inc. ("Kel-Tech") also employed plaintiffs. Plaintiffs allege that they were not paid for all the hours that they worked, were not paid premium pay ("time-and-a-half") for overtime work, did not receive spread of hours pay, were subjected to retaliation and did not receive the prevailing wage on public projects. Plaintiffs assert their claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and various provisions of the New

York Labor Law including the Wage Theft Prevention Act. Although the action was commenced as a collective action with respect to the FLSA claim and a putative class action with respect to the Labor Law claims, the parties reached the proposed settlement prior to the matter being conditionally certified as a collective action or certified as a class action. Thus, the only parties to the settlement are the named plaintiffs and the named defendants.

In addition to denying that plaintiffs were employed by defendant Kel-Tech, defendants deny that plaintiffs are owed any unpaid wages. In support of their defense, defendants have offered time records which purport to reflect the hours worked along with pay stubs, some of which reflect the payment of overtime premium pay.

The parties have agreed to a total settlement of $200,000.00, to be distributed among the plaintiffs on a pro rata basis. The parties have also agreed that plaintiff's counsel will receive one-third of the settlement proceeds as a fee. The amounts claimed by each of the plaintiffs,[1] the gross amount of the settlement fund allocable to each plaintiff and the net amount that will be received by each plaintiff after deduction of

---

[1] The amounts claimed by each of the plaintiffs include the allegedly unpaid wages and overtime, allegedly unpaid spread-of-hours pay, liquidated damages and statutory damages for alleged violations of New York's Wage Theft Prevention Act.

2

one-third for legal fees and each plaintiff's allocable share of costs are as follows:

| Plaintiff | Amount Claimed | Gross Allocable Share | Net Allocable Share |
|---|---|---|---|
| Mario Ramirez | 97,899.75 | 28,577.40 | 19,013.50 |
| Amancio Soriano | 89,979.40 | 26,265.42 | 17,475.26 |
| Danny Garrido | 71,903.20 | 20,988.89 | 13,964.61 |
| Luis Xohua | 87,599.20 | 25,570.62 | 17,012.99 |
| Miguel Jiminez | 115,333.6 | 33,666.43 | 22,399.40 |
| Antonio Tellez | 32,310.00 | 9,431.44 | 6,275.05 |
| Jose Hernandez | 38,192.80 | 11,148.66 | 7,417.58 |
| Emilio Sarmiento | 13,326.40 | 3,890.04 | 2,588.17 |
| Genaro Castillo | 22,873.60 | 6,676.91 | 4,442.37 |
| Juan Vera | 28,286.80 | 8,257.05 | 5,493.69 |
| Onelio Ramirez | 34,136.80 | 9,964.69 | 6,629.84 |
| Agapito Sanchez | 53,313.40 | 15,562.45 | 10,354.21 |
| **TOTAL** | **685154.95** | **200000.00** | **133066.67** |

I held a lengthy settlement conference on October 5, 2016 that was attended by most of the principals and their counsel. After a lengthy discussion of the strengths and weaknesses of the parties' respective positions, the parties agreed to resolve the matter on the terms set forth above. Although the allocation of the settlement proceeds among the plaintiffs was

3

not discussed at the settlement conference, plaintiff's counsel represents that:

> With regards to the allocation of the settlement amount as between [sic] each Plaintiff, Plaintiffs counsel has met with each one of the clients on multiple occasions to verify dates of employment, individual rate of pay, pay rate changes during Plaintiffs' employment, minimum wage rates for each year of Plaintiffs [sic] employment, liquidated damages amounts collectible pre and post passage of the New York Wage Theft Prevention Act and number of days per [week] which each Plaintiff worked more than ten hours per day.
>
> \*   \*   \*
>
> Plaintiffs have been made fully aware of the terms of the settlement agreement and the award that each Plaintiff will receive and all have agreed to said amounts.

(Letter from Brett M. Schatz, Esq, to the undersigned, dated November 30, 2016 (Docket Item ("D.I.") 52) at 3-4).

I refused to approve an earlier of the draft of the settlement agreement because it contained a general release that ran only in favor of defendants, a confidentiality provision and an overly broad non-disparagement clause (D.I. 53). The revised version of the settlement agreement currently before me resolves those issues; plaintiffs are releasing only those claims that were brought or could have been brought in this action and the confidentiality and non-disparagement provisions have been deleted.

4

> Court approval of an FLSA settlement is appropriate
> 
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (inner quotation marks and citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. Keybank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982). The presumption of fairness in this case is bolstered by the caliber of the parties' attorneys. Based upon their pre-conference submissions and their performance at the settlement conference and in subsequent discussions concerning how the settlement should be reported to the Internal Revenue Service, it

is clear to me that all parties are represented by counsel who are extremely knowledgeable regarding all issues in the case and who are well suited to assess the risks of litigation and the benefits of the proposed settlement.

In <u>Wolinsky v. Scholastic, Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(Inner quotations and citations omitted).  The settlement here satisfies these criteria.

Although the settlement represents less than one-third of plaintiffs' total claimed damages, the defendants' documentary evidence is substantial and persuasive.  Given the evidence reviewed at the settlement conference, it is not inconceivable that the trial of this matter could result in a defendants' verdict.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation.  Plaintiffs' case rests entirely on their oral testimony.  Trial preparation would require several depositions to explore these issues.  The settlement avoids the necessity of conducting these depositions.

Third, the settlement will enable plaintiff to avoid the risk of litigation.  The plaintiffs here were paid on the books, at least some overtime was paid to some plaintiffs and defendants' remaining documentary evidence is substantial.  As noted above, whether all plaintiffs would recover at trial is far from certain.  See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941, 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) ("the question . . . is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the many uncertainties the class faces." (assessing fairness of class action settlement)); Massiah v. MetroPlus Health Plan, Inc., No. 11-CV-05669 BMC, 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (inner quotations omitted; assessing fairness of class action settlement)).

Fourth, because I presided over the settlement conference at which the settlement was reached, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The settlement was reached after a mediation before the Court. This fact further negates the possibility of fraud or collusion.

The settlement agreement also provides that, after deduction of out-of pocket costs, one-third of the settlement fund will be paid to plaintiff's counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("courts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances"); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13-CV-3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by the courts in this Cir-

cuit"); Febus v. Guardian First Funding Group, LLC, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) (Stein, D.J.) ("a fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP), 2012 WL 2384419 at *6 (S.D.N.Y. June 22, 2012) (Freeman, D.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk of the Court is requested to mark this matter closed.

Dated: New York, New York
March 3, 2017

SO ORDERED

*signature*

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel